IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KRISTINA L.[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Civ. No. 1:21-cv-01870-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

Plaintiff Kristina L. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for supplemental security income benefits. Full consent to magistrate jurisdiction was entered on February 23, 2022 (Dkt. #7). For the reasons provided below, the Commissioner's decision is AFFIRMED.

## BACKGROUND

Plaintiff is a 44-year-old woman who alleges she is unable to work due to mental and physical impairments. Plaintiff filed an application for Supplemental Security Income benefits with a protective filing date of January 21, 2019. Tr. 256; *see* Tr. 15. In her application, Plaintiff claimed disability with an alleged onset date of November 25, 2017. *Id.* Plaintiff then amended the date she claims she became disabled to March 28, 2018. Tr. 44; *see* Tr. 256. The new alleged onset date was amended one day after the prior Administrative Law Decision was published on

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 - Opinion and Order

March 27, 2018. Tr. 114. The claim was denied initially on April 1, 2019 and upon reconsideration on August 23, 2019. Tr. 170, 178. A telephonic hearing was held on November 19, 2020, before Administrative Law Judge Robert Frank Spaulding due to the Coronavirus Pandemic. Tr. 35-77. On January 12, 2021, the ALJ issued an unfavorable decision, finding Plaintiff was not disabled from the alleged onset date, as amended, through the date of decision. Tr. 15-27. On November 10, 2021, the Appeals Council denied review, making the ALJ's decision the final agency decision. Tr. 1. This action followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20

      C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

   a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled.

See also Bustamante v. Massanari, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. Id. at 954. The Commissioner bears the burden of proof at step five. Id. at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir.

3 - Opinion and Order

1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis, the ALJ made the following findings:

1. Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2020. Tr 17.

2. Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of November 25, 2017, through her date last insured of December 31, 2020. Tr. 17.

3. Plaintiff has the following severe impairments: mild multilevel thoracic spondylosis; migraine headaches; fibromyalgia; a history of seizures; mild major depressive disorder with mild anxious distress; and an unspecified trauma and stressor related disorder. Tr. 18.

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 18.

5. Plaintiff has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can frequently climb ramps and stairs, but never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She can tolerate no exposure to loud noise. She can tolerate no exposure workplace hazards. She is limited to simple routine tasks consistent with a General Education Development (GED) level of 2 and unskilled work as defined by the Dictionary of Occupational Titles (DOT1) (which requires vocational preparation of anything beyond short demonstration up to and including 1 month). She is limited to occasional interaction with the public. Tr. 21.

6. Plaintiff is unable to perform any past relevant work. Tr. 25.

7. Plaintiff was born on November 4, 1978, and was 42 years old, which is defined as a younger individual age 18-49, on the date last insured. Tr. 25.

8. Plaintiff has at least a high school education and is able to communicate in English. Tr. 25.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. Tr. 25.

10. Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including Routing Clerk, Electrical Accessory Assembler, and Small Products Assembler. Tr. 26.

11. Plaintiff was not under a disability, as defined in the Social Security Act, at any time from November 25, 2017, the alleged onset date, through December 31, 2020, the date last insured. Tr. 27.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

If the decision of the Appeals Council is the final decision of the Commissioner, this Court must review the decision of the Appeals Council to determine whether that decision is supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where the evidence before the ALJ or Appeals Council is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse the Commissioner's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents the following issues for review:

1. Whether the ALJ properly considered Plaintiff's own testimony,
2. Whether the ALJ properly evaluated the medical opinion of Dr. Walter Carlini, and

6 - Opinion and Order

3. Whether the ALJ properly considered the lay witness opinions from Plaintiff's father and sister.

For the following reasons, the Court finds that the ALJ did not err. The decision of the Commissioner is affirmed.

## I. The ALJ properly considered Plaintiff's subjective testimony.

Plaintiff challenges the ALJ's treatment of Plaintiff's subjective testimony. ECF No. 16 at 9. Plaintiff argues that the reasons the ALJ relied upon to reject Plaintiff's allegations were not clear and convincing because they were not supported by substantial evidence. ECF No. 16 at 9-15. To assess a claimant's credibility, the Ninth Circuit is clear that an ALJ must perform a two-stage analysis. In the first stage, the claimant must produce objective medical evidence of one or more impairments which could reasonably be expected to produce some degree of symptom. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The claimant is not required to show that the impairment could reasonably be expected to cause the severity of the symptom, but only to show that it could reasonably have caused some degree of the symptom. *Id.*

In the second stage of the analysis, the ALJ must consider the intensity, persistence, and limiting effects of the alleged symptoms based on the entire record. SSR 16-3p at *7-8. The ALJ will consider the "[l]ocation, duration, frequency, and intensity of pain or other symptoms" reported by the claimant, any medical sources, and any non-medical sources." *Id.* The ALJ's decision must contain "specific reasons for the weight given to the individual's symptoms, be consistent with and support by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.* Additionally, the evidence upon which the ALJ relies must be substantial. *See Holohan v. Massinari*, 246 F.3d 1195, 1208 (9th Cir. 2001). In rejecting claimant's testimony about the

7 - Opinion and Order

severity of her symptoms, the ALJ must give "specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).

Plaintiff argues the ALJ is bound to the clear and convincing standard used for rejecting a claimant's subjective testimony, however, "the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). If the ALJ finds that claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *See Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc). If the ALJ's credibility finding is supported by substantial evidence in the record, [the reviewing court] may not engage in second-guessing. *See Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999), *Fair v. Bowen*, 885 F.2d 597 (9th Cir. 1989).

The ALJ reasonably concluded that the evidence in the record was inconsistent with Plaintiff's allegations regarding her limitations. Plaintiff alleges that she cannot work due to aura migraines several days throughout the month, equilibrium issues, dizziness, vertigo, tingling in face, hands and feet, widespread chronic muscle pain and spasms, total lack of concentration, depression, anxiety, tremors, and leg numbness and weakness, among other ailments. Tr. 276. The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the claimant's alleged symptoms." Tr. 22. However, the ALJ found that "the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not consistent with the medical evidence and other evidence in the record . . ." *Id.* The ALJ pointed to specific evidence in the record, including the following reports from:

- Dr. Carlini, MD, Ph.D, a treating neurologist

- Dr. Narus, DO, a treating neurologist,

- Oregon Advanced Imaging, which conducted a 2018 MRI of Plaintiff's lumbar spine,

- James Berking PA-C, a Physician's Assistant,

- Dr. Levin, DO, a treating physician,

- Touchstone Interventional Pain Center, a pain-management-focused group practice,

- Samantha Turpin, LPC, a licensed professional counselor,

- Erin Schorran, FNP, a family nurse practitioner,

- Dr. Grable, MD, an anesthesiologist,

- Dr. Chidi, MD, a treating physician, and

- La Clinica Del Valle, a behavioral health service clinic.

### A.    Immobility due to Thoratic Spondylosis, Fibromyalgia and Migraines

Specifically, the ALJ found evidence in the record that contradicted Plaintiff's claims of almost complete immobility due to chronic migraines, fibromyalgia, and sciatica. Tr. 276. Reports from her neurologists Dr. Carlini, and Dr. Narus, and reports from the Touchstone Interventional Pain Center show no muscular atrophy, grossly intact coordination, and a consistently normal gait. Tr. 371-382, 458, 460. The ALJ also cited evidence contradicting Plaintiff's claim in her opening brief that she has a complete antalgic gait requiring her to use a cane. Dkt. 16 at 11-12. The Disability Determination Explanation by Dr. Bernardo stated "[the] claimant has normal strength and gait with the exception of a visit specifically for LBP (lower back pain), where she uses a cane." Tr. 160. This observation supports the ALJ's cites to the overwhelming reports of Plaintiff having normal gait and 5/5 motor power strength. Tr. 144, 145, 149, 160, 165, 382, 639, 640, 650, 652, 809, 829, 830, 838, 884, 888, 893, 898, 957, 960, 972,

982, 987, 993. Moreover, this inconsistency between behaviors from one visit to another is something the ALJ can take into consideration for their ruling. "[T]he ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct . . ." *Molina*, 674 F.3d at 1112, *Kendel S. v. Comm'r Soc. Sec. Admin.*, No. C20-5800-MAT, 2021 U.S. Dist. LEXIS 150250, at *21-22 (W.D. Wash. Aug. 10, 2021). Accordingly, the ALJ reasoned that "[d]espite the claimant's back impairment and fibromyalgia, her range of motion was intact and she had a normal gait with instance muscle strength, sensation and reflexes." Tr. 23.

Plaintiff argues the ALJ improperly found Plaintiff's testimony regarding her migraines to be inconsistent with Plaintiff's neurological examinations, including Plaintiff's 2012 MRI. Dkt. 16 at 11. The ALJ acknowledged Plaintiff's 2012 brain MRI was positive for migrainous lesions but was otherwise normal. Tr. 22. Plaintiff argues that the ALJ did not identify what evidence undermined her allegations of having debilitating migraine headaches. Dkt. 16 at 11. However, the ALJ pointed to the inconsistencies between her headache log and what she reported to her providers. "[T]he record found in this log shows almost daily headaches which is not consistent with the claimant's reports to her medical providers of headaches averaging around 15 per month." Tr. 24. In fact, the record varies with the number of headaches Plaintiff claims to have depending on the provider who is treating her. Tr. 371, 374, 584, 641, 973, 992. Plaintiff's October 2020 Touchstone report is the first time since 2016 where Plaintiff informs the PA of her migraines: "She also has debilitating migraine headaches that she gets about 21 to 22 days of the month that she has not mentioned before." Tr. 957. Elsewhere in the decision, the ALJ cited treatment notes from various providers observing Plaintiff to be alert and oriented, with intact memory, average intellectual functioning, average fund of knowledge, and a generally linear and

10 - Opinion and Order

organized thought process, and intact thought content. *See, e.g.*, Tr. 382, 388, 458, 460, 462, 464, 507-08, 566, 584, 628, 631, 634, 638-40, 644, 769, 802, 806, 809, 829, 838, 957, 960, 977-78. Therefore, the ALJ reasonably concluded that the objective medical record is inconsistent with Plaintiff's clams of disabling symptoms due to migraines, fibromyalgia, and sciatica.

### B.    Plaintiff's Allegations of Seizures

Plaintiff argues the medical record supports her allegations of disabling limitations for both tonic-clonic and dyscognitive seizures. There is no such evidence in the objective medical record. In fact, the record shows that Plaintiff's most recent seizure in 2020 was a breakthrough seizure, the first in over 11 years, caused by newly introduced Botox injections. Tr. 988, 842. Due to this, Dr. Carlini administered Emgality at that visit on February 4th, 2020, a medication with which Plaintiff has had much success. Tr. 632, 972, 973, 976, 982, 988. Therefore, the ALJ reasonably found Plaintiff's subjective testimony regarding the frequency and severity of her seizure symptoms to be inconsistent with the medical evidence, and the ALJ's reasoning was specific, clear, and convincing.

The ALJ noted the contradiction between the record and Plaintiff's claim that she had "[n]o results with any medicine therapy." Tr. 276. The ALJ pointed out that in a Touchstone Interventional Pain Center report, Plaintiff had as much as 50% improvement in her functional abilities and 40% pain relief from her current medication regimen. Tr. 23, 960. In fact, in all of Plaintiff's subjective pain pre-assessment reports she marks at least a 30% pain reduction and improvement in function each visit, with a range between 30%-50%. Tr. 482, 485, 488, 491, 590, 593, 596, 601, 604, 608, 610, 612. The ALJ also cites Dr. Bernardo's consultative examination done in 2019 where he states, "She reported 1 migraine in the last week, which is an improvement." Tr. 160. Accordingly, the ALJ found that these inconsistencies diminished the

reliability of Plaintiff's allegations and demonstrated a level of functioning in excess of Plaintiff's claimed limitations. Tr. 23. An ALJ may reject subjective testimony upon finding it contradicted by or inconsistent with the medical record. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Here, the ALJ offered "specific, clear and convincing" reasons for finding Plaintiff's testimony was inconsistent with the medical evidence in the record and, therefore, did not err by rejecting Plaintiff's testimony about the severity of her limitations.

## II.   The ALJ properly evaluated and credited the medical opinions of Dr. Carlini.

Under prior Social Security regulations, a hierarchy of medical opinions dictated the weight that must be given by an ALJ: treating doctors were generally given the most weight and non-examining doctors were generally given the least weight. *See* 20 C.F.R. §§ 404.1527, 416.927 (1991); 56 Fed. Reg. 36,932 (Aug. 1, 1991). For applications filed on or after March 27, 2017, the new regulations eliminate the old hierarchy of medical opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c(a) (2017). Plaintiff filed an application for disability insurance benefits on January 21, 2019. Thus, the Commissioner's new regulations apply to the ALJ's assessment of this opinion. *See* 20 C.F.R. § 404.1520c; 82 Fed. Reg. 5844 (Jan. 18, 2017); see also 82 Fed. Reg. 15,132 (Mar. 27, 2017) (correcting technical errors).

The new rules no longer provide for any inherent weight: "We [the SSA] will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) including those from your medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The SSA "considers" various medical opinions for claims filed on or after March 27, 2017, and determines which medical opinions are most persuasive. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). In evaluating which opinions are most persuasive, the ALJ considers several factors. The two most important factors are supportability & consistency. *Id.* Secondary

factors include the relationship with the claimant, specialization, and other factors. *Id.* at 404.1520c(c), 416.920c(c).

Plaintiff contends that the ALJ did not properly consider the factors of supportability and consistency in evaluating the opinions of Dr. Carlini. Plaintiff is incorrect, and the ALJ did not commit a harmful error. Regarding the aforementioned factors of supportability and consistency, the definitions are as follows:

> Supportability: the "more relevant the objective medical evidence and supporting explanations presented by a medical source," the more persuasive that medical opinion will be.

20 C.F.R. § 404.1520c(c)(1).

> Consistency: the "more consistent a medical opinion" is with "the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion" will be.

20 C.F.R. § 404.1520c(c)(2).

The Commissioner concedes that the ALJ could have explained his rationale with more clarity. Dkt. 17 at 10. However, the Ninth Circuit is clear that a decision explained with "less than ideal clarity may be upheld so long as the agency's path may be reasonably discerned." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099. The ALJ stated that Dr. Carlini's October and November medical opinions were "not persuasive," and that they were "not consistent with the evidence of record." Tr. 25. There is evidence in the objective record to support both statements. Dr. Carlini's opinions fail to include the entirety of Plaintiff's treatment plan, some of which had medications and various therapies that were successful to relieve her pain, migraine frequency, and mental health issues. When asked to describe Plaintiff's treatment and response, Dr. Carlini only lists Botox, Emgality, TPM, VPA, and GBP as being "no help," but fails to list the success of propranolol in reducing her migraines to about 3 or 4 per month, nor mentions the success of

her other pain medications and in-home physical therapy program. Tr. 807, 960, 961, 968. This evidence goes directly against both factors of supportability and consistency because Dr. Carlini's opinions are inconsistent with other providers in the record and fail to describe how, objectively, or personally to Plaintiff, migraines would impede function. Moreover, so long as the ALJ's findings represent a reasonable interpretation of the evidence, the Court must uphold them. "[I]f evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision[.]" *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1193 (9th Cir. 2004). The Court finds no conflict here to resolve. The ALJ's decision is affirmed.

### III.    The ALJ properly evaluated the lay witness opinions of Plaintiff's Father and Sister.

Plaintiff argues the ALJ improperly rejected the lay witness testimony of Plaintiff's father and sister. Dkt. 16 at 19. Plaintiff's father and sister prepared five nonmedical statements describing Plaintiff's conditions related to her movement, eating habits, moods and daily activities. Tr. 291-98, 320-24, 345-47. "[L]ay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

Plaintiff argues that the ALJ failed to provide specific, germane reasons for rejecting the lay witness statements. Dkt. 16, at 19. As discussed above, the ALJ properly evaluated Plaintiff's subjective symptom testimony and reasonably found medical evidence, as well as evidence that Plaintiff's immobility due to fibromyalgia, chronic pain and migraine symptoms could be improved with medication and various treatments, to be inconsistent with Plaintiff's claims of debilitating impairments. "In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaint, and because [the lay witness]

testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness] testimony" *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). Accordingly, the ALJ provided germane reasons for discounting the lay witness testimony, and Plaintiff has not shown that the ALJ erred.

## ORDER

The ALJ did not err. The decision is AFFIRMED.

It is so ORDERED and DATED this 14th day of June, 2022.

_____
MARK D. CLARKE
United States Magistrate Judge